IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13CV348-RJC-DSC

| | |
|---|---|
| THOMAS A. FILLORAMO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED EVENT SERV., et. al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on Defendant United Event Services Inc.'s "Motion to Dismiss … for Insufficient Service of Process …" (document #18), as well as the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u> as discussed below.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 6, 2013, Plaintiff, Thomas A. Filloramo filed a Complaint alleging employment discrimination by Defendants United Event Services, Inc. ("UES") and NC Music Factory. Summonses directed to each Defendant were attached to the Complaint. Plaintiff also filed a motion to proceed in forma pauperis.

1

On June 18, 2013, the Honorable Robert J. Conrad, Jr. <u>granted</u> Plaintiff's motion to proceed in forma pauperis, <u>ordered</u> Plaintiff to file a copy of the "EEOC Notice of Charge," and suggested that Plaintiff amend his Complaint.

On June 20, 2013, Plaintiff filed his July 17, 2012 and August 27, 2012 Charges of Discrimination. Plaintiff also filed additional materials on July 12, 2013.

On July 28, 2014, Judge Conrad found <u>sua sponte</u> that more than one year had elapsed since Plaintiff filed his Complaint. The docket did not reflect that Plaintiff had served the Summons and Complaint on either Defendant. The Court <u>ordered</u> Plaintiff to "serve his Complaint on Defendant within 14 days." The Court further warned Plaintiff that "FAILURE TO PROVIDE THE COURT WITH PROOF OF SERVICE WITHIN 14 DAYS WILL RESULT IN DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT." (document #6, pp. 1 – 2) (original emphasis in Order).

On August 4, 2014, the Clerk issued Summonses to each Defendant. That same date, Plaintiff filed a Motion to Extend time to serve until August 25, 2014. On August 6, 2014, the Court <u>granted</u> Plaintiff's motion.

On August 6, 2014, Michael Kahaly, President of Defendant UES, accepted delivery of an envelope sent to Defendant UES via U.S. Mail from sender "T. Filloramo 833 Daly Circle Fort Mill SC 29715." The envelope contained the Summons dated August 4, 2014, but not the Complaint.

On August 13, 2014, the Clerk reissued a Summons as to Defendant NC Music Factory. That same date, Plaintiff filed with the Court a photocopy of the certified mail return receipt "green card" signed by Kahaly on August 6, 2014.

On September 12, 2014, the Court received an "Affidavit of Service" dated August 28,

2014, by a Mecklenburg County Deputy Sheriff.  In the "Type(s) of Process" section of this Affidavit, only the box for "Summons" was marked and the notation "(Summons Only No Complaint)" was written to the side.  The box for "Complaint" was not marked. This Affidavit of Service reflects that the Deputy Sheriff served the Summons – but no Complaint – on Defendant NC Music Factory.

On February 11, 2015, Plaintiff filed an Amended Complaint. The Clerk issued Summonses to both Defendants.

On February 17, 2015, an authorized representative of Defendant UES accepted delivery of an envelope from "T. Filloramo 833 Daly Circle Fort Mill SC 29715."  The envelope contained a Summons and the Amended Complaint.

On February 20, 2015, Plaintiff filed a photocopy of the certified mail return receipt "green card" signed by the UES representative on February 17, 2015.

On March 3, 2015, Defendant UES filed its Motion to Dismiss.

On March 11, 2015, Plaintiff filed a one-page handwritten response stating that he "do[es] not agree with [the] Motion to Dismiss" but making no argument other than complaining of his inability to retain counsel.  Document #19.

Defendant's Motion is ripe for disposition.

## II. DISCUSSION OF CLAIMS

A civil action is commenced when a plaintiff files a complaint with the court. Rule 3, FRCP. "A summons must be served with a copy of the complaint." Rule 4(c), FRCP.

Unless a plaintiff notifies the defendant of the action and requests that defendant waive service, plaintiff must serve the summons and complaint within the time allowed by Rule 4(m),

FRCP. Rule 4(d), (m), FRCP. In its entirety, Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

"Any person who is at least 18 years old and not a party may serve a summons and complaint." Rule 4(c)(2), FRCP (emphasis added). A plaintiff cannot personally serve the summons and complaint on the defendant. Pitts v. O'Geary, 2014 WL 229350, at *4 (E.D.N.C. 2014) ("[P]laintiffs may not personally serve defendants."). Similarly, a plaintiff cannot serve a defendant by personally placing the summons and complaint in the mail. Pitts, 2014 WL 229350, at *4 ("This principle in Rule 4(c)(2) applies '[e]ven when service is effected by use of the mail[.][O]nly a nonparty can place the summons and complaint in the mail.... [T]he rule contains no mailing exception to the nonparty requirement for service.'" (internal citations omitted)); Deo v. N.C. Dep't of Envir. & Nat. Res., 2014 WL 3738448 (E.D.N.C. 2014) (same). Dismissal of a complaint may be appropriate when the plaintiff personally serves a defendant instead of perfecting service through a non-party. Pitts, 2014 WL 229350, at *4 (dismissing pro se plaintiffs' complaint without prejudice because they failed to comply with Rule 4 or the court's orders); Deo, 2014 WL 3738448, * 2 (dismissing complaint for insufficient service of process where pro se plaintiff attempted to personally serve defendant by certified mail). Unless service is waived or served by a United States Marshal or Deputy Marshal, proof of service must be made by affidavit. Rule 4(l)(1), FRCP.

Once the sufficiency of service is challenged, "[t]he plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4." Simmons v. Stubbs, 2014 WL 495669, at *1-2 (M.D.N.C. 2014); Thompson v. Hanson, 2014 WL 5810231, at *1 (E.D.N.C. 2014); Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519,

526 (M.D.N.C. 1996).

Technical non-compliance with Rule 4 does not always require dismissal of a lawsuit. For good cause, the Court may extend the time for plaintiff to effect service. To "establish good cause, Plaintiff must show that he acted in good faith and demonstrate some form of due diligence in attempting service." Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003). See also Yongo v. Nationwide Affinity Ins. Co. of Am., 2008 WL 516744, at *8 (E.D.N.C. 2008) ("[T]he court must extend the time for service if plaintiff shows good cause for the failure to make service. Id. Even in the absence of good cause, the court retains discretion to allow tardy service of process.").

Here, Plaintiff never served Defendants with the Complaint or Amended Complaint in compliance with the Rules. Plaintiff initially served the Summons, but not the Complaint. See e.g., Murrell v. Cracker Barrel, 2014 WL 3673001 (W.D.Tenn. 2014) (plaintiff's service of the summons on Defendant without the complaint was insufficient); Dividock v. KCAD-FSU, 2005 WL 2090895, at *1 (W.D.Mich. 2005) (finding service not effective where pro se plaintiff served defendant with a copy of the summons without a copy of the complaint); 4A. Fed. Prac. & Proc. Civ. § 1093 (3d ed.) ("It is clear, for example, that even though a copy of the complaint is on file at the clerk's office, service of a summons without a copy of the complaint is not effective service."). Plaintiff has clearly failed to effect proper service on Defendants.

Plaintiff cannot cure defective service of his original Complaint by filing an Amended Complaint against the same Defendants. Jackson v. Alleghany Cnty., 2008 WL 3992351, at *16 (W.D.Va. 2008) (denying plaintiff's motion to amend the complaint with respect to original defendant because the original defendant had not been served with process of the original complaint). To do so would allow a plaintiff to evade the requirements of Rule 4 and extend the time for service indefinitely. Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir.

2006).

Plaintiff identified each Defendant in his Complaint and Amended Complaint, but never obtained proper service on either Defendant. Plaintiff cannot cure his defective service by filing and attempting to serve an Amended Complaint over 600 days after he filed his original Complaint. See Jackson, 2008 WL 3992351, at *16 ("The court notes that "the 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to [any] defendants newly added in the amended complaint." quoting Bolden, 441 F.3d at 1148); Yongo, 2008 WL 516744, at *8 ("[T]he 120-day period is restarted by the filing of an amended complaint as to any defendant newly added in the amended complaint.").

For those reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant United Event Services Inc.'s "Motion to Dismiss … for Insufficient Service of Process …" (document #18), be **GRANTED** and the Complaint be **DISMISSED WITHOUT PREJUDICE** as to both Defendants.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: March 25, 2015

David S. Cayer
United States Magistrate Judge